KAREN S. FRANK (State Bar No. 130887)
JULIA D. GREER (State Bar No. 200479)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415.391.4800
Facsimile: 415.989.1663
E-mail: ef-ksf@cpdb.com
ef-jdg@cpdb.com

Attorneys for Plaintiffs
BROADCAST MUSIC, INC., et al.

NOV 30 2009

E-filing

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CV 09 5632

BROADCAST MUSIC, INC.; STONE DIAMOND MUSIC CORP.; DYNATONE PUBLISHING COMPANY; RONDOR INTERNATIONAL, INC. d/b/a IRVING MUSIC; COTILLION MUSIC, INC. d/b/a PRONTO MUSIC; AL GREEN MUSIC, INC.

Plaintiffs,

v.

FOGWOMAN, INC. d/b/a TRADEWINDS and ELIZABETH DAVIS, individually,

Defendants.

Case No.

COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

13389.001.1273085v1

1

Case No.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

## THE PARTIES

3. Plaintiff, Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 320 West 57th Street, New York, New York 10019. BMI has been granted the right to license the public performance rights in approximately 6.5 million copyrighted musical compositions (the "BMI repertoire"), including those which are alleged herein to have been infringed.

4. The other Plaintiffs are the owners of the copyrights in the musical compositions which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Defendant Fogwoman, Inc. is a corporation organized and existing under the laws of the state of California, which operates, maintains and controls an establishment known as Tradewinds, located at 8210 Old Redwood Highway, Cotati, California 94931, in this district (the "Establishment").

6. In connection with the operation of this business, Defendant Fogwoman, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

7. Defendant Fogwoman, Inc. has a direct financial interest in the Establishment.

8. Defendant Elizabeth Davis is an officer of Defendant Fogwoman, Inc. with primary responsibility for the operation and management of that corporation and the Establishment.

9. Defendant Elizabeth Davis has the right and ability to supervise the activities of Defendant Fogwoman, Inc. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

10. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 9.

11. Plaintiffs allege five (5) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI repertoire.

All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

12. Annexed as the Schedule and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the five (5) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information: Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 noting the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the Registration number(s); Line 7 showing the date(s) of infringement; and Line 8 identifying the location of the establishment where the infringement occurred.

13. Each of the musical compositions identified on the Schedule, Line 2, were created by the persons named on Line 3 (all references to Lines are lines on the Schedule).

14. On or about the dates indicated on Line 5, the publishers named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the numbers listed on Line 6.

15. On the dates listed on Line 7, Plaintiff BMI was and still is the licensor of the public performance rights in the musical compositions identified on Line 2. On the dates listed on Line 7, the Plaintiffs listed on Line 4 were and still are the owners of the copyright in the respective musical composition listed on Line 2.

16. On the dates listed on Line 7, Defendants performed and/or caused the musical compositions identified on Line 2 to be publicly performed at the Establishment without a license or permission to do so. Thus, Defendants have committed copyright infringement.

17. The specific acts of copyright infringement alleged, as well as Defendants' entire

course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I.) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II.) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III.) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV.) That Plaintiffs have such other and further relief as is just and equitable.

DATED: November 30, 2009         COBLENTZ, PATCH, DUFFY & BASS LLP

By: *Karen Frank*
KAREN S. FRANK
Attorneys for Plaintiffs
BROADCAST MUSIC, INC., et al.

13389.001.1273085v1                                4                                         Case No.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Federal Rule of Civil Procedure 7.1, the undersigned certifies that the following persons, associations of person, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceedings, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the proceeding.

| | |
|---|---|
| Dynatone Publishing Company | Jadar Music Corporation |
| Irving Music | Rondor Music International Inc. |
| Pronto Music | Warner Music Group Corporation |
| Stone Diamond Music Corporation | EMI Music Publishing, Inc. |

DATED: November 30, 2009

COBLENTZ, PATCH, DUFFY & BASS LLP

By: *Karen Frank*
KAREN S. FRANK
Attorneys for Plaintiffs
BROADCAST MUSIC, INC., et al.

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Ain't Too Proud To Beg |
| Line 3 | Writer(s) | Eddie Holland, Norman Whitfield |
| Line 4 | Publisher Plaintiff(s) | Stone Diamond Music Corp. |
| Line 5 | Date(s) of Registration | 5/9/66 |
| Line 6 | Registration No(s). | Ep 216556 |
| Line 7 | Date(s) of Infringement | 10/3/09 |
| Line 8 | Place of Infringement | Tradewinds |

| | | | |
|---|---|---|---|
| Line 1 | Claim No. | 2 | |
| Line 2 | Musical Composition | Cold Sweat a/k/a Cold Sweat (Part I) | |
| Line 3 | Writer(s) | James Brown; Alfred Ellis | |
| Line 4 | Publisher Plaintiff(s) | Dynatone Publishing Company | |
| Line 5 | Date(s) of Registration | 7/6/67 | 3/13/73 |
| Line 6 | Registration No(s). | Eu 3467 | Ep 310532 |
| Line 7 | Date(s) of Infringement | 10/2/09 | |
| Line 8 | Place of Infringement | Tradewinds | |

| Line 1 | Claim No. | 3 |
|---|---|---|
| Line 2 | Musical Composition | Knock On Wood |
| Line 3 | Writer(s) | Eddie Floyd; Steve Cropper |
| Line 4 | Publisher Plaintiff(s) | Rondor Music International, Inc. d/b/a Irving Music |
| Line 5 | Date(s) of Registration | 7/22/66    5/21/73 |
| Line 6 | Registration No(s). | Eu 949771   Ep 318805 |
| Line 7 | Date(s) of Infringement | 10/3/09 |
| Line 8 | Place of Infringement | Tradewinds |

| Line 1 | Claim No. | 4 |
|---|---|---|
| Line 2 | Musical Composition | Six Three Four Five Seven Eight Nine a/k/a 634-5789 |
| Line 3 | Writer(s) | Steve Cropper; Eddie Floyd |
| Line 4 | Publisher Plaintiff(s) | Cotillion Music, Inc. d/b/a Pronto Music; Rondor Music International, Inc. d/b/a Irving Music |
| Line 5 | Date(s) of Registration | 2/1/66 |
| Line 6 | Registration No(s). | Eu 922428 |
| Line 7 | Date(s) of Infringement | 10/2/09 |
| Line 8 | Place of Infringement | Tradewinds |

| Line 1 | Claim No. | 5 |
|---|---|---|
| Line 2 | Musical Composition | Take Me To The River |
| Line 3 | Writer(s) | Al Green; Mabon Hodges |
| Line 4 | Publisher Plaintiff(s) | Al Green Music, Inc.; Rondor Music International, Inc. d/b/a Irving Music |
| Line 5 | Date(s) of Registration | 10/22/74    1/23/79 |
| Line 6 | Registration No(s). | Eu 528135    PA 33-401 |
| Line 7 | Date(s) of Infringement | 10/3/09 |
| Line 8 | Place of Infringement | Tradewinds |